[Moog v. Strang.]

# Moog v. Strang.

*Bill in Equity to have Mortgage Canceled on the ground of Fraud or Undue Influence.*

1. *Contracts; When void as against public policy.*—All agreements, express or implied, the consideration of which is the compounding of a felony, or the suppression of a prosecution for a criminal offense, strictly public in its character, are illegal and void as against public policy.

2. *Same; when not affected by motives of parties.*—Where a crime has been committed, creating a civil liability against the offender, and a settlement of such civil liability is made between the parties in interest, the motives prompting them to make the settlement, however reprehensible they may be, are not cognizable by the courts, so long as the minds of the parties fall short of concurring in an *agreement*, express or implied, to compound, or not to prosecute the crime, as the consideration, in part or in whole, of the payment of the debt or damages resulting from the commission of the offense.

3. *Mortgage; when does not contravene public policy.*—A mortgage executed to secure a note made by a cashier of a bank who had defaulted to a surety on his bond as such cashier, for an amount paid for him by the surety in settlement of the civil liability growing out of the defalcation, there being no agreement not to prosecute the cashier criminally, is not illegal and void as against public policy.

4. *Same; its validity as affected by undue influence.*—The validity of a conveyance is not affected by the fact that its execution was procured by the exercise of undue influence, if the grantee, being a purchaser for value, did not participate in, or have notice of the wrongful act.

5. *Acknowledgment of mortgage; its effect when attacked for fraud.* Where a mortgage is duly acknowledged before, and certified by a proper officer, in the form prescribed by the statute, this is, in itself, cogent proof of a free agency and absence of restraint in the execution of the mortgage, and raises a presumption in favor of its validity, which can only be rebutted by clear proof of fraud, duress, or imposition practiced on the mortgagor, in which the officer or mortgagee participated.

6. *Statute of frauds; when mortgage not affected by.*—Where a mortgage executed to secure the debt of another, for which the mortgagor was in no way liable, contained an obligation on the part of the mortgagee to insure the mortgaged premises for two years, this fulfills the requirement of the statute, that the consideration should be expressed in writing. (Code, 1876, § 2121.)

APPEAL from Mobile Chancery Court.
Heard before Hon. JNO. A. FOSTER.
The facts are stated in the opinion.

J. L. &. J. G. SMITH, for appellant.—(1.) It was legal for Moog to compromise his civil liability as surety for Hubbard, provided he was not intentionally instrumental in stopping the proceedings set on foot by the bank, and provided such stop-

[Moog v. Strang.]

page formed no part of the compromise. This legal act can not be vitiated, because Mrs. Strang's chief motive may have been the compounding, or because the bank may have chosen to drop its intended criminal proceedings as a mere incident to the recovery of its money.—*Harding v. Hooper*, 1 Stark. 467; *McClintick v. Cummins*, 3 McLean, 160. Such a transaction was lawful. The necessity for it grew out of an illegal act, but it in no way contributed to the furtherance of the illegal act, out of which it arose.—*Scheible v. Bacho*, 41 Ala. 439, and cases cited; *Hughes v. Young*, 25 Ala. 483; *Quirk v. Thomas*, 6 Mich. 76; *Lea. Adm'r v. Cassen*, 61 Ala. 312. (2.) Mrs. Strang was *in pari delicto*, and she, therefore, can not obtain the relief sought.—*Collins v. Blantern*, 2 Wilson, 347; 1 Story's Eq. Juris. §§ 296, 300; *Thomas v. Cronise*, 16 Ohio, 54; *Raguet v. Roll*, 7 Ohio, 401; *Sharp v. Taylor*, 2 Phillip Ch. R. 801; *Lea, Adm'r v. Cassen*, 61 Ala. 315; *Swatzer v. Gillett*, 1 Chand. (Wis.) 208; 25 Md. 446; 11 Mass. 368; 3 Stock. 552. (3.) The mortgage was not executed by Mrs. Strang while under *duress per minas*.—*Hatter's Ex'rs v. Greenlee*, 1 Port. 222; *Town Council of Cahaba v. Burnett*, 34 Ala. 400; *Rood v. Winslow*, 2 Doug. (Mich.) 68; *Plant v. Gunn*, 2 Woods, 376; *Eddy v. Herrin*, 17 Me. 338; *Hackett v. King*, 6 Allen, 58; *Crowell v. Gleason*, 1 Fairfield, 325; *Watkins v. Baird*, 6 Mass. 506; 1 Pars. on Con. m. p. 393 and note. (4.) Moog paid a valuable consideration for the mortgage, and any undue influence exerted by Mrs Strang's own family, without his procurement, consent or knowledge, can not affect his rights.—*Moses v. Dade*, 58 Ala. 211; *Rogers v. Adams*, 66 Ala. 600. (5.) Mrs. Strang is estopped by her acknowledgment of the mortgage, from denying her volition in its execution.—*Miller v. Marx*, 55 Ala. 322; *Cahall & Pond v. C. M. B. A*, 61 Ala. 246. (6.) The mortgage not within the statute of frauds.—*McKenzie v. Jackson*, 4 Ala. 233; *Martin v. Black's Ex'rs*, 21 Ala. 721; Brant on Suretyship, §§ 6 & 7; *Newberry v. Armstrong*, Moo. & M. 389; *Hawes v. Armstrong*, 1 Bing. N. R. 761; *Kennaway v. Treleavan*, 5 Meas. & W. 498; *Adams v. McMillan, Ex'r*, 7 Port. 73; *McQuaid v. Powers*, 46 Ala. 52; Browne on Stat. of Frauds, § 405; 1 Brick. Dig., p. 382, § 114; *Whiteside v. Jennings*, 19 Ala. 784. The statute applies to an executory agreement, not to an executed contract.—*Gafford v. Stearns*, 51 Ala. 444. A mortgage is not an executory agreement.—*Purcell's Adm'r. v. Mather*, 35 Ala. 570; *Love v. Crook*, 27 Ala. 628; *Watrous v. Chalker*, 7 Conn. 224; *Welsh v. Phillips*, 54 Ala. 309; *Toomer v. Randolph*, 60 Ala. 356.

HANNIS TAYLOR, *contra*.—(1.) The case presented is not a case of duress *per minas*. It is a case of undue influence, in

which a court or equity is asked to intervene for the protection of a feeble old woman, mentally infirm, against the results of the most unconscionable oppression.—Story's Eq. Jur. §§ 234–237; *Osgood v. Franklin*, 2 John. Ch. R. 1. (2.) The law denounces as illegal all contracts based upon the suppression of a criminal prosecution.—*Town of Sharon v. Gager*, 46 Conn. 189; *McMahon v. Smith*, 47 Conn. 223; 6 Wis. 42; 3 Cush. 454; 9 Vermont, 23, 28, 308; 30 Me. 105; 9 N. Hamp. 197. (3.) The complainant's case is not within the influence of the doctrine of *in pari delicto*.—2 Story's Eq. Jur. § 695 *a*; 1 Story's Eq., § 300; *Basanquet v. Dashwood*, Cas. T. Talbot, 37, 40, 41; 2 Ves. 156; 18 Ves. 379; Adam's Eq. (3d Am. Ed.) p. 419. (4.) The mortgage is voidable under statute of frauds.—*Rigby v. Norwood*, 34 Ala. 129. The mortgage an executory contract.—*Denton v. English*, 10 Am. Decisions, 639; 1 Powell on Con. 234; Pars. on Con. 58, note, y.

SOMERVILLE, J.—The bill in this case was filed by the appellee, Julia A. Strang, for the purpose of cancelling a mortgage executed by her to the appellant, Moog, on certain real estate owned by her in the city of Mobile, of which she was at the time in possession. The debt secured by the mortgage was due, not by the mortgagor, but by her son-in-law, one Hubbard, and was evidenced by his promissory note payable to the mortgagee, Moog. The consideration of the note was money advanced by Moog, at the request of Mrs. Strang, to Hubbard, which was paid by the latter to the National Commercial Bank of Mobile, in part compromise of a large pecuniary liability created by his own defalcation as cashier of the bank. The appellant was surety on Hubbard's bond, and himself paid half of the sum agreed to be received by the bank.

It is contended by appellee's counsel, in the first place, that the sole and only consideration for the execution of the mortgage was the illegal suppression of a criminal prosecution inaugurated against Hubbard by the bank, charging him with the embezzlement of its funds. There can be no doubt of the soundness of the proposition of law contended for in this regard. All agreements are unquestionably illegal and void, as against the public policy, the consideration of which is the compounding of a felony, or the suppression of a prosecution for a criminal offense, strictly public in its character. Whether such agreement is express or implied, it is fatally void, and its enforcement will not be countenanced by the courts.—Chitty, Cont. (11th Amer. Ed.) 991; 1 Add. Cont. § 258.

The facts of the present case, in our opinion, fall very far short of proving any such agreement, either directly or by implication. It is true, as the record shows, that the bank officers

[Moog v. Strang.]

had employed attorneys to inaugurate a prosecution against Hubbard, and some steps were taken in that direction. It further appears that, after the compromise by Hubbard and Moog of the civil liability of the former created by the alleged embezzlement, the prosecution was carried no further by the bank. This fact alone might create some suspicion of an agreement to stifle the prosecution, but even this mere cloud of a suspicion is entirely dissipated by the evidence. There is not only no proof of such an agreement, but affirmative proof that there was no agreement on the subject whatever, either express or implied. The bank was under no legal compulsion to prosecute. Like a natural person, it could elect to do so or not. The law does not undertake to imperatively control the exercise of this power of election or legal option, but it merely forbids all *agreements* between the parties, stipulating to influence it, by stamping them with the vice of invalidity. Nor does it any more seek to control the hope or expectations of the offender. He may very reasonably, in many cases, expect that the prompt settlement of a discovered defalcation may tend to paralyze the energy of an incipient prosecution, and, however reprehensible the motives of the parties, they are not cognizable by the courts so long as their minds fall short of concurring in an agreement, express or implied, to compound or not to prosecute, as the consideration, in part or in whole, of the payment of the debt or damages resulting from the crime committed. The application of these principles leads us to the necessary conclusion, that there can be no illegality in the consideration of the mortgage executed by the appellee, Mrs. Strang.—*McClintick v. Cummins*, 3 McLean, 160; *McMahon v. Smith*, [47 Conn. 221] 36 Amer. Rep. 67; *Peed v. McKee*, [42 Iowa, 689] 20 Amer. Rep. 631; *Partridge v. Hood*, [120 Mass. 403] 21 Am. Rep. 524; 1 Bouv. L. Dit. *title*, "*Compounding a felony;*" Chitty on Contr. (11 Amer. Ed.) 991–2.

The second ground upon which the validity of the mortgage is assailed, is that of duress, in the nature of undue influence, alleged to have been exercised upon the maker of the instrument in procuring its execution. Conceding that Mrs. Strang acted under circumstances of extreme distress or necessity, superinduced by the apprehended prosecution, such as to overcome her free agency—a conclusion we would scarcely feel authorized intelligibly to draw from the evidence—it is manifest that none of these influences of duress were exerted upon her by the agency of Moog, the appellant. If morally she was put *in vinculis*, it was through undue sympathy, fear and restraint excited by members of her own household, who were eager to save a husband or kinsman from the disgrace of an exposure or conviction, which would bring with it attendant evils griev-

ously affecting their own social well-being. With these agencies of undue influence, if any, there is no testimony showing Moog's complicity or connection in any manner. He himself testifies that he was ignorant of the fact that any prosecution was threatened until after the mortgage was executed, and there is no one to gainsay his assertion. When an instrument is procured to be executed under the influence of duress of this nature, and the mortgagee, or other purchaser for valuable consideration, does not participate in the wrongful act, and has no notice of it, the validity of the instrument is in no wise affected or vitiated. This proposition is too well settled by this court, and generally by authority, for further discussion.—*Rogers v. Adams*, 66 Ala. 600; *Moses v. Dade*, 58 Ala. 211; *Schrader v. Decker*, 9 Penn. St. 14; *Green v. Scranage*, 19 Iowa, 461; *Talley v. Robinson*, 22 Gratt. (Va.) 888.

The mortgagor, furthermore, in this case, duly acknowledged before a proper officer, that she voluntarily executed the instrument, and the officer attaches the usual certificate of acknowledgment in the form prescribed by statute. This circumstance is in itself cogent proof of a free agency and absence of restraint in the execution of the mortgage, and raises a presumption in favor of its validity, which can only be rebutted by clear proof of fraud, duress or imposition practised on the mortgagor, in which the officer or mortgagee participated.—*Miller v. Marx*, 55 Ala. 322; *Graham v. Anderson*, 42 Ill. 514; *Fosdick v. Risk*, 15 Ohio, 84; *Morris v. Sargent*, 18 Iowa, 90.

The mortgage in question was very clearly not within the operation of the statute of frauds. If it be regarded, in any sense, as an executory and not an executed agreement, it fulfilled with certainty the requirements of the statute, that the *consideration* should be expressed in writing.—Code, 1876, § 2121. The obligation assumed by Moog to insure the mortgaged property for the space of two years, was both beneficial to the promisee and prejudicial to the promisor, and is expressed as a part of the consideration of the mortgage. This was clearly sufficient, leaving out of view the further recitals in the mortgage, which make it apparent that the money advanced Hubbard was really paid at the request of Mrs. Strang, the mortgagor.—*Martin v. Black's Ex'rs*, 21 Ala. 721; *Rigby v. Norwood*, 34 Ala. 129; Browne on Stat. Fr. § 405.

The decree of the chancellor granting relief to the complainant was erroneous and must be reversed, which is hereby accordingly ordered, and a decree is here rendered dismissing the bill.