# Folmar *v.* Siler.

*Action on Promissory Note.*

(Decided February 13th, 1902.)

1. *Consideration of note; public policy; agreement to conceal crime.*
   A promissory note, the consideration of which consists in whole or in part of an agreement or promise to conceal or

keep secret a crime which has been committed, is opposed to
public policy and void. (Overruling *Bibb v. Hitchcock*, 49
Ala. 468.)

2. *Consideration; how proved.*—It is competent to show the con-
sideration of a note sued on by parol evidence.

3. *False representations in procuring signature to note.*—Where
there was evidence tending to show that plaintiff agreed with
defendant, that defenuant should give plaintiff his notes at
one and two years for a certain amount, and plaintiff drew
up the notes and stated to defendant that they contained the
contract agreed upon, and defendant relied upon this state-
ment and signed the notes, which were in fact payaole one
day after date, defendant was entitled to a cnarge that, if
the jury believed these facts from the evidence, they should
find for defendant.

4. *Failure of consideration; breach of promise to credit notes for
services; embezzlement of funds.*—If defendant was induced
to sign certain notes as surety, upon an agreement or prom-
ise by plaintiff to give defendant's son (who had embezzled
from plaintiff the amount represented by the notes) employ-
ment for a given period, and with the son's consent given
at the time, to credit upon the notes at the expiration of each
month a certain part of the son's wages for such month, and
the son entered into plaintiff's employment under said con-
tract, it was plaintiff's duty to enter the credits in accordance
with the contract, notwithstanding the son's subsequent em-
bezzlement of plaintiff's funds.

5. *Consideration of note; illegality; fraud; principal and surety.*
Where there was evidence tending to show illegality of con-
sideration of a note, as well as fraud in its execution, in an
action against the surety a charge is misleading and properly
refused which instructs the jury that "the consideration of a
surety for signing a note is the consideration of the princi-
pal."

6. *Evidence; province of court; stating what particular witness
testified, under § 3326 of the Code.*—Under § 3326 of the Code,
the court may properly state to the jury what the evidence
of a particular witness was, when the same is in dispute.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HURRABD.

This action was brought by the appellant against the
appellee, W. D. Siler, and sought to recover upon two

promissory notes signed by W. S. Siler and defendant, which notes were payable to the plaintiff one day after date. The facts of the case, as shown by the evidence, are sufficiently stated in the opinion.

During the argument of plaintiff's counsel, he stated to the jury what was the testimony of one of the witnesses examined on the trial. The defendant's counsel interrupted plaintiff's counsel, objected to the statement as to what said witness testified, upon the ground that said witness did not testify as stated by plaintiff's counsel. The bill of exceptions states that "in settling the dispute the court instructed the jury" that the witness referred to did not testify as stated by the attorney for the plaintiff. To this statement of the court the plaintiff duly excepted.

The plaintiff separately excepted to the following portions of the court's general charge to the jury:　(1.) "As long as Stacy remained in the employment of plaintiff, after the notes sued on were signed, the notes should be credited with twenty dollars per month for the time he remained in said employment; if the jury find that plaintiff agreed to so credit the notes, and if the said employment and agreement were a part of the consideration for signing the notes, and this credit should be given, although the jury might find that Stacy made a default after signing the notes." (2.) "If the plaintiff held out to the defendant as an inducement to sign the notes the promise that he would not prosecute Stacy for the misappropriation of the money, and this was the moving or principal cause which induced the execution of the notes by defendant, or if plaintiff made with defendant an agreement that he would not prosecute Stacy for the misappropriation of the money, and that was the principal or moving cause to defendant to sign the notes, then the notes are void as to defendant W. D. Siler."

The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (5.) "If the jury believe the evidence, find for plaintiff." (6.) "If W. D. Siler signed the notes sued on as surety for his son, the consideration of the note is not the price paid W. D. Siler for signing the note,

[Folmar v. Siler.]

but the price paid his son, the principal in the note."
(7.) "Although plaintiff may have agreed to employ
Stacy Siler for two years and to credit his wages, ex-
cept $15 per month on this note, and although under
this agreement Stacy Siler was employed by the plain-
tiff for a few months, plaintiff was under no duty to re-
tain Siler in employ or credit any amount for the time
he had been employed, if Siler misappropriated more of
Folmar's money than, under the agreement, should have
been so credited." (8.) "The consideration of a surety
for signing a note is the consideration of the principal."
(9.) "Although plaintiff may have agreed to employ
Stacy Siler for two years, and to credit his wages, ex-
cept $15 per month, on this note, and although plain-
tiff did not so employ Stacy Siler, plaintiff is not under
any duty to credit same, if Stacy Siler continued to
misappropriate plaintiff's money, which fact should
justify plaintiff in discharging Stacy Siler from his
employment."

The court, at the request of the defendant, gave to
the jury the following written charges, to the giving of
each of which the plaintiff separately excepted: (1.) "If
the jury are reasonably satisfied from the evidence that
the only or any material part of the consideration which
defendant received for signing the notes sued on was an
agreement or promise of Folmar, the plaintiff, to keep
secret the misuse or misappropriation of six hundred
dollars of Folmar's money by Stacy Siler, and Stacy
Siler admitted in the presence of Folmar and defendant
that he had misused or misappropriated $600 of Fol-
mar's money, then the jury should find for defendant."
(2.) "If the jury are reasonably satisfied from the ev-
idence that the agreement between Folmar and defend-
ant was that the notes were to be made due and payable
one and two years after date, and that Folmar went off
and wrote the notes and came back to where Siler was
and said to defendant Siler, here are the notes made out
according to the agreement, and defendant Siler relying
upon the truth of Folmar's statement, signed two notes,
believing that they were due one and two years after
date, respectively, the jury must find for the defendant."

[Folmar v. Siler.]

(3.) "If the jury are reasonably satisfied from the evidence that Folmar agreed with and promised Siler that if he would sign the notes sued on he would keep secret the misuse of the $600, and this was a material part of the consideration which caused defendant to sign the notes sued on, the jury must find for defendant."

There were verdict and judgment for defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FOSTER, SAMFORD & CARROLL, for appellant,—(1.) The consideration was not illegal, being the amount Stacy. Siler justly owed plaintiff, and not plaintiff's promise not to prosecute Stacy.—*Bibb v. Hitchcock,* 49 Ala. 468; *Philpot v. Gruminger,* 14 Wall. (U. S.) 570; 6 Am. & Eng. Ency. Law (2d ed.), 672; Langdell's Summary of Law of Contracts, § 60. (2.) There was no consideration for the notes so far as the payee is concerned, except the consideration going to the principal. *Bibb v. Hitchcock, supra; Bowling v. Tate,* 65 Ala. 117. (3.) The test by which to ascertain whether a contract assailed as illegal is incapable of enforcement, is, whether the plaintiff requires the aid of an illegal transaction to support his case. When his rights can be established without the aid of an illegal transaction, it does not affect them.—*Yarbrough v. Avant,* 66 Ala. 526; *Ware v. Curry,* 67 Ala. 274. (4.) In order to make a misrepresentation fraudulent, where both parties can write and read, it is necessary that the party claiming to be defrauded should have been fraudulently prevented from reading the paper.—*Dunham Lumber Co. v. Holt,* 123 Ala. 336. (5.) The court could not properly tell the jury what the evidence was.—19 Ency. Law, 633; *Griffin v. State,* 76 Ala. 29.

TERRY RICHARDSON and HARMON, DENT & WEIL, for appellee.—(1.) The consideration of an instrument is always the subject of parol proof.—3 Brick. Dig., p. 88, § 96. (2.) An agreement to cancel or compound a felony renders any contract, founded, in whole or in part thereon, void and unenforceable.—*Clark v. Colbert,* 67 Ala.

[Folmar v. Siler.]

92; *Lee v. Cassen,* 61 Ala. 312; *Moog v. Strang,* 69 Ala. 98; *Treadwell v. Torbert,* 119 Ala. 279; *Pettitt v. Pettitt,* 32 Ala. 288; *Bozeman v. Allen,* 48 Ala. 512. (3.) Where the execution of a note is procured by misrepresentation of its contents by the payee, it is not binding on the maker if the same is different from the paper really intended to be signed, even though the maker did not read it before signing.—*Lithographing Co. v. Houppert,* 104 Ala. 503; *Burroughs v. Pacific Guano Co.,* 81 Ala. 255. (4.) It is the right and duty of the court to restrain counsel who make statements unsupported by the evidence, and to rule out such statements at the request of the adverse party.—*Moody v. A. G. S. Ry. Co.,* 99 Ala. 553; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548.

DOWDELL, J.—It is conceded that the notes sued on represent funds that had been embezzled from the payee —the plaintiff in this case—by the son of the defendant, and that the same were given to secure the payment of the amount so embezzled, with interest in the face of the notes at the rate of 8 per cent *per annum* for one year in one note and two years in the other, and that the defendant signed the same as surety for his son. On the trial of the cause, by agreement of parties, the pleadings were in short by consent with leave to give in evidence any matter which might be specially pleaded.

One of the defenses set up was that of illegality of consideration in the notes sued on; that the notes were executed by the defendant as a surety in consideration of an agreement and promise by and on the part of the plaintiff that the crime of the defendant's son would be kept secret, and "that the matter should never be heard of any more, and it should go no further."

That a contract, the consideration of which is in part illegal, is invalid and cannot be enforced at law, is a question too well settled to admit of doubt.—*Petit v. Petit,* 32 Ala. 288; 1 Brick. Dig. 282, § 116. Neither can it be doubted that a contract based upon a promise or agreement to conceal or keep secret a crime which has been committed is opposed to public policy and offensive to the law.—*Clark v. Gilbert,* 67 Ala. 92; *Moog v. Strang,* 69 Ala. 98; *U. S. Fidelity & Trust Co. v. Charles,* in MS. And it makes no difference if the

contract contains an additional conisderation that is legal and valuable. Whenever a crime is committed, and especially one that involves moral turpitude, the public good calls for a prosecution of the guilty party, and any effort to prevent the punishment of the offender by supressssion or concealment is opposed to public policy. Any promise or agreement to do, or not to do, a thing, the doing of which, or the not doing of which, contravenes public policy, will vitiate the contract, the consideration of which consists in whole or in part of such promise or agreement. In the case of the *U. S. Fidelity & Trust Co., v. Charles,* decided at the present term, we have had occasion to review the case of *Bibb v. Hitchcock,* in the 49th Ala., page 468, and declined to follow that case in so far as it asserted any proposition opposed to the views above expressed.

There can be no doubt of the question that it is competent to show the consideration of the notes sued upon by parol evidence.—3 Brick. Dig., 88, § 90. There is nothing in the exception which was reserved to the introduction of evidence to show the consideration of the notes sued upon.

There was evidence tending to show that a promise or agreement on the part of the plaintiff to conceal the crime of W. S. Siler, the principal in the notes on which the defendant W. D. Siler was surety, entered as consideration into the giving of the notes sued on, and under the principles above laid down, the court committed no error in the giving of written charges numbered one and three, requested by the defendant. For the same reason the affirmative charge requested by the plaintifl was properly refused.

There was also evidence on the part of the defendant tending to show that at the time of the signing of the notes sued on, the plaintiff fraudulently represented the notes, which he had prepared and handed to the defendant to sign, to contain the contract agreed upon, and the defendant relying upon such representations signed the notes, which contained a different contract from that agreed on. Upon this phase of the evidence the giving of charge No. 2 at the request of the defendant was free from error.

There was also evidence tending to show that the defendant was induced to sign the notes as surety upon an agreement or promise on the part of plaintiff to give Stacy Siler employment at $35 a month for a given period, and with the consent of Stacy, given at the time, to credit upon the notes at the expiration of each month's service twenty dollars of Stacy's wages for such month, and that Stacy entered into the service of plaintiff under said contract, and after four or five month's service, it was discovered that Stacy was again misappropriating the money of the plaintiff, when his employment was terminated. On this phase of the evidence, there was no error in that part of the oral charge excepted to relating to this issue as shown in the bill of exceptions.

If the promise to credit the notes with a part of Stacy's wages at the end of each month, as the same were earned by him, formed a part of the contract between plaintiff and the defendant in the latter's signing the notes as surety, then it was the duty of the plaintiff to enter the credits in accordance with the contract, notwithstanding Stacy's subsequent embezzlement of plaintiff's funds, for which this defendant was in nowise responsible. For the same reason above stated, the court very properly refused written charges 7 and 9 requested by the plaintiff. Charges 6 and 8 requested by the plaintiff, ignored the evidence as to illegality of consideration entering into the contract, as well as that relating to fraud in the execution of the same, and were misleading in their tendencies, and, therefore, were properly refused. What we have said above in regard to the written charges excepted to, without more, sufficiently disposes of the exceptions reserved to portions of the court's oral charge set out in the bill of exceptions.

There was no error in the court stating to the jury what the evidence of a particular witness was, when the same was in dispute. This was authorized by section 2326 of the Code of 1896.

We find no error in the record, and the judgment of the court below will be affirmed.