[Hartsell v. Roberts, et al.]

# Hartsell *v.* Roberts, *et al.*

## *Assumpsit.*

(Decided November 20, 1913.   Rehearing denied December 18, 1913.
64 South. 90.)

1. *Contracts; Validity; Duress.*—A contract procured upon a guaranty that a prosecution will be dismissed and defendant therein be held harmless, is contrary to public policy and unforceable; hence, plaintiff cannot enforce a note and mortgage which defendants executed to save one of their number from prosecution in a criminal case.

2. *Appeal and Error; Harmless Error; Pleadings and Evidence.*—Rulings upon the pleading and evidence, and requested charges in an action on a note and mortgage, which were void and unforceable, are harmless to plaintiff.

3. *Bills and Notes; Bona Fide Purchasers; Who Are.*—A member of a firm who purchases a note and mortgage due the firm, which was void because given in consideration of an agreement to dismiss a criminal prosecution and hold the defendant therein harmless, is not a purchaser for value and without notice.

4. *Principal and Agent; Ratification.*—Where plaintiff was a member of the firm whose attorneys, by threats of a criminal prosecution, induced defendants to execute a note and mortgage, plaintiff's attempt to collect the note and mortgage is a ratification of the acts of the firm's attorney.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by J. A. Hartsell against J. F. Roberts and others.   Judgment for defendants, and plaintiff appeals.   Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450, § 6.

The claim was based on a promissory note or bond attached to a mortgage alleged to have been executed by the defendant to Hartsell & Day, which note is alleged to have been transferred without recourse, before maturity.

Plea B, as amended, is as follows: "Defendants severally and separately say that their signatures to the

note or bond sued on were obtained in the manner following: Plaintiff, having contracted with G. F. Roberts, one of these defendants, relative to certain personal property owned by said G. F. Roberts, which had been in some way or manner disposed of by the said Roberts, came to these defendants and represented to them that he held an unsatisfied mortgage covering property so disposed of by said Roberts, and would immediately start a prosecution against said Roberts for disposing of the mortgaged property unless all these defendants signed the note or bound herein sued on (the said G. F. Roberts being the son of J. F. Roberts, and the brother of J. M. Roberts), in which case he would not prosecute the said G. F. Roberts, and defendants say that, having full faith and confidence in the statement of plaintiff, believing that he would carry out his threat against the said G. F. Roberts, they executed said note or bond under duress and undue influence, first, because the note or bond so procured as being against public policy, and, second, that the note or bond is void or voidable, because of duress and undue influence; and defendants allege they were deceived by plaintiff in procuring their signatures to said note or bond in this : Plaintiff did not have an unsatisfied mortgage covering the property disposed of by defendant G. F. Roberts, and given by him to plaintiff, and plaintiff well knew he did not have such a paper at the time he made the representation to defendants, but made said statement for the very purpose of deceiving defendants, and took the note or bond bearing their signature knowing that defendants had relied on his statements being true, when, as a matter of fact, they were not true."

Plea 6 states the facts as set up in plea B with the further allegation based on these facts that the note or

[Hartsell v. Roberts, et al.]

bond sued upon was executed by them for an illegal consideration.

JOHN R. SAMPLE, and ROPER & STEPHENS, for appellant. It is the contention of plaintiff that the complaint describes and the suit is based upon a negotiable instrument which had been transferred by the original payees to plaintiff before maturity and for value, and that, therefore, the pleas were demurrable for failure to show notice of the defense pleaded at the time of the transfer.—8 Cyc. 170; 44 Am. St. Rep. 652. Such pleas should state the facts which constitute the alleged failure of consideration.—*Carmelich v. Mims*, 88 Ala. 335; *Sims v. Hertzfeld*, 95 Ala. 145; 9 Cyc. 739; *Darby v. Berney Nat. Bank*, 97 Ala. 709. Defendant's plea A does not show an offer to return the papers.—*Henderson v. Boyett*, 126 Ala. 172; *Royal v. Goss*, 154 Ala. 117. Plaintiff was entitled to the affirmative charge because the money paid by plaintiff to Schnell was a part of the consideration of the contract, and its payment was provided for and contemplated by the parties. *Robertson v. Bradford*, 73 Ala. 118; *Locksley v. Douglass*, 121 Ala. 574; *Royal v. Goss, supra*. On rehearing counsel called attention to the case of *Bibb v. Hitchcock*, 49 Ala. 468, with insistence that it is on all-fours with the case at bar.

W. J. BOYKIN, for appellee. The pleas are good and the court properly overruled the demurrer.—*Giles v. Williams*, 3 Ala. 316; *Kolsky v. Enslen*, 103 Ala. 97. The contract sued on was void and unenforceable because given in compromise and to prevent a criminal prosecution.—*Tredwell v. Torbert*, 119 Ala. 279; *Wadsworth v. Dunham*, 117 Ala. 661; *Moog v. Hannon*, 93 Ala. 503; *Dunklin v. Hodge*, 46 Ala. 523. This being

true, any errors committed were without injury. The case of *Bibb v. Hitchcock,* confidently relied upon by appellant has been repudiated in the cases of *Folmar v. Siler,* 132 Ala. 297, and *U. S. F. & G. Co. v. Charles,* 131 Ala. 658.

ANDERSON, J.—The undisputed evidence shows that one Yeager, acting for the attorney of Hartsell & Day, as well as one Snell, who had claims against one of these defendants, G. F. Roberts, who was the son of one and brother of the other defendant, approached the said defendants armed with a warrant of arrest for said G. F. Roberts, said warrant being from Marshall county and indorsed by a justice of the peace of Etowah county, and led them to believe that he would have to execute said warrant of arrest unless said claims were secured, and assured them that, if all of said defendants would execute the note and mortgage in question, he would not arrest G. F. Roberts, and that he would never be prosecuted for the offense covered by the warrant. This conduct was contrary to public policy and rendered the transaction null and void, and the trial court could well have given the general charge for defendants, and, this being the case, any errors, if any there were, in ruling upon the pleading or requested charges were without injury.

The undisputed evidence established the substance of pleas B and 6, as amended, and as to which there was no demurrer insisted upon or acted upon by the court, and, this being true, the defendants were entitled to the general charge. The law will not enforce a contract procured upon a guaranty that a pending prosecution will be dismissed and that the defendant will be held harmless.—*Treadwell v. Torbert,* 119 Ala. 279, 24 South. 54, 72 Am. St. Rep. 918; *Wadsworth v. Dunnam,*

[Hartsell v. Roberts, et al.]

117 Ala. 661, 23 South. 699; *Dunklin v. Hodge,* 46 Ala. 523.

This plaintiff cannot avoid the result upon the theory of being an innocent purchaser of a commercial paper. In the first place it is questionable as to whether or not one can be an innocent purchaser of paper which is void as against public policy. Again, the complaint does not describe the note as commercial paper, and, even if it did, the note was made to the firm of which the plaintiff was a member and who is the assignee of the interest of his copartner.

Neither is the plaintiff in a position to question the authority of Yeager or to escape results because the warrant in question was sworn out under the Snell claim. The transaction was inseparable, and the note and mortgage were procured by Yeager, and when the plaintiff accepted them and brought suit to collect them, he ratified the authority of Yeager to procure them and is bound by his conduct when getting them executed.

The judgment of the city court is affirmed.

Affirmed.

Dowdell, C. J., and Mayfield and De Graffenried, JJ., concur.

UPON REHEARING.

Counsel, upon application for rehearing, contend that the principle laid down in the foregoing opinion is opposed by the case of *Bibb v. Hitchcock,* 49 Ala. 468, 20 Am. Rep. 288. This may be true, but said case was expressly repudiated, on this point, in *United Fidelity Co. v. Charles,* 131 Ala. 658, 31 South. 558, 57 L. R. A. 212, and *Folmar v. Siler,* 132 Ala. 297, 31 South. 719.

The application is overruled.