(75 South. 940)

PEOPLE'S BANK & TRUST CO. v. FLOYD.

(2 Div. 635.)

(Supreme Court of Alabama. May 17, 1917.)

1. CONTRACTS ⊙⇒128(1)—EVIDENCE ⊙⇒437—PAROL EVIDENCE — ILLEGAL CONSIDERATION—COMPOUNDING OFFENSES.
It is a defense to an action on a note that it was given in consideration of payee's promise not to prosecute maker's brother for embezzlement, and such defense may be shown by parol evidence.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 633–636, 653; Evidence, Cent. Dig. §§ 2025–2029.]

2. CONTRACTS ⊙⇒141(2)—ILLEGAL CONSIDERATION—EVIDENCE.
In an action on a note, where defense is illegality of consideration, evidence that at a conference between managing officers of plaintiff bank and brothers of defendant one of the officers requested one of the brothers to write defendant that unless note in suit was signed her brother would be prosecuted, is admissible in connection with other evidence showing that result of conference had been communicated to defendant.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785.]

3. CONTRACTS ⊙⇒141(2)—ILLEGAL CONSIDERATION—EVIDENCE.
In an action on a note, where defense is that note was given in consideration of payee's promise not to prosecute maker's brother for embezzlement, evidence was proper as proving her understanding of the seriousness of the situation, and so the real consideration on which she executed the note, that after defendant had learned by letter that plaintiff bank would prosecute her brother unless note in suit were signed, she cried while engaged in telephone conversation with her brother about the letter.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785.]

**4. CONTRACTS ⊝141(2)—ILLEGAL CONSIDERATION—EVIDENCE.**

In an action on a note, where defense is that note was given in consideration of payee's promise not to prosecute maker's brother for embezzlement, it is proper to prove that subject of defalcation had not been brought to the attention of the grand jury or prosecuting officer of county.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1785.]

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Action by the People's Bank & Trust Company against Matelyn F. Floyd. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Keith & Wilkinson, of Selma, for appellant. Bonner & Miller, of Camden, for appellee.

SAYRE, J. Appellant sued appellee on the latter's promissory note. Appellee pleaded that the note was based in whole or in part upon the unlawful consideration of appellant's promise to abstain from a criminal prosecution of appellee's brother, who—all parties seem to agree—had absconded after embezzling a large sum of money, the property of appellant, his employer.

[1] It was competent to show the consideration of the note in suit by parol evidence. Folmar v. Siler, 132 Ala. 297, 31 South. 719. And if the facts alleged in defense were established by the proof, appellant could not recover. U. S. Fidelity & Guaranty Co. v. Charles, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; Folmar v. Siler, supra.

[2] Such being the law and the issue before the court on the trial of this cause, appellee was allowed to adduce evidence going to show that at a conference between the managing officers of the payee bank, appellant, and certain persons, brothers alike of appellee and the absconding employé, one of the officers of the bank, its president, requested one of the brothers to write to appellee and ask whether she would sign the note in suit, appellant's president saying that he knew where the brother was and could at any time bring him back and prosecute him, that he would bring him back unless some arrangement was made, and that, if the note in suit, along with others to be signed by the brothers, were given, he could assure them, the brothers, that the bank would go no further in the matter.

It is clear that this evidence, and every separate part of it, in connection with other evidence going to show that the result of the conference had been communicated by one of the brothers who wrote to appellee, in substance, that her absconding brother would be brought back, tried and convicted, unless she signed the note, was relevant and competent as tending to bring the note in question within the influence of the decisions supra, and upon this status of relevancy and competency we cannot see that the absence of appellee from the conference—she lived in Mississippi—had any invalidating effect, seeing that its purpose and result were communicated to her, and that thereupon she executed the note in suit. On these facts, or this evidence of facts, the jury might properly base a finding that appellee had executed and appellant had accepted the note with the mutual understanding that it was given in consideration of a promise by appellant to abstain from a prosecution, which would otherwise be put on foot, against appellee's brother for a high crime committed by him. If so, the note was without the pale of law.

[3] Upon further proof that on the night following the communication by letter to her of the result of the conference one of the brothers talked with appellee by telephone about the matter of the letter, it was proper to show by the brother engaged in the conversation that she was crying—this, as tending to prove her understanding of the seriousness of the situation and so the real consideration upon which she executed the note. This evidence may have been of little value, but its weight was for the jury, and its competence as a part of the res gestæ of a communication with her in the course of the negotiation of the note in suit, seems beyond question.

[4] So, it was proper to prove that the subject of the absconding brother's defalcation had not been brought to the attention of the grand jury or the prosecuting officer of the county. Of course this may have resulted from many causes other than that appellant had promised not to prosecute; but still people are rather prone to resort to the criminal law in such cases—it may be their duty—and the proof in question afforded an inference, of very slight value, it may be conceded, that a different course in this instance may have had a consequential relation with the promise alleged.

The foregoing disposes of all the assignments of error touched upon in the brief.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.