(98 South. 123)
**ORMAN et al. v. SCHARNAGEL.**
(8 Div. 564.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Appeal and error ☞294(1)—Scintilla rule obtains, where sufficiency of evidence not presented by motion for new trial.**

Where the sufficiency of the evidence to sustain the judgment is not presented for review by a motion for a new trial, the scintilla rule obtains.

**2. Trial ☞142—Affirmative charge properly denied, where evidence admits reasonable inference against party requesting.**

Where there is evidence from which reasonable inferences may be drawn adverse to a party, the affirmative charge in his favor is properly denied.

**3. Principal and surety ☞33—Consideration sufficient as between principal and payee is sufficient to bind surety.**

A consideration sufficient to validate the contract between a principal and the payee of a note is sufficient to bind also the principal's surety, who joins in the execution thereof.

**4. Contracts ☞128(1), 137(3)—Where consideration is wholly or partially the suppression of pending criminal prosecutions, note is void.**

Where the whole or partial consideration of a note is an agreement to suppress pending prosecutions against one of the makers, it is void for want of consideration as forbidden by public policy.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Bills and notes** ⊚⟳538(1)—**Where defense is total illegality of consideration, instruction as to partial illegality is properly denied.**

In an action on a note where the defense was that the whole consideration therefor was the suppression of pending criminal prosecutions against one of the makers, denial of an instruction as to illegality of a part of the consideration ·was properly denied.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by Mrs. Linnie Scharnagel against J. E. Orman and W. A. Orman. Judgment for plaintiff, and defendants appeal. Affirmed.

The complaint declares upon a promissory note executed by defendants to plaintiff. Defendants plead in substance that certain criminal prosecutions were pending against W. A. Orman in the circuit court of Franklin county, which plaintiff agreed to have dismissed if defendants would execute the note in suit; that for the settlement of said prosecutions defendant did execute the note, and that same is void as against public policy.

Charge 3, refused to defendants, is as follows:

"The action being founded on a new contract or note, and ·not on the original claim or demand which the plaintiff (defendant) may have owed the plaintiff, if you are reasonably satisfied from the evidence that a part or all of the consideration of the note or contract was the stopping of the criminal prosecution against W. A. Orman, then you must find for the defendants."

W. L. Chenault and Travis Williams, of Russellville, for appellants.

If a note is given in consideration of the settlement of a criminal prosecution, it is absolutely void. U. S. F. & G. Co. v. Charles, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212. The court committed error in refusing charge 3 ·for defendants. West v. Teabo, 14 Ala. App. 575, 70 South. 957; People's Bank v. Floyd, 200 Ala. 192, 75 South. 940.

B. H. Sargent and William Stell, both of Russellville, for appellee.

If the note was given to secure a debt, it is binding. Moog v. Strong, 69 Ala. 98; Howard v. Rhodes, 17 Ala. App. 26, 81 South. 362. If there is a scintilla of evidence· supporting plaintiff's case, the affirmative charge is properly refused to defendant. Penticost v. Massey, 202 Ala. 681, 81 South. 637; Massey v. Penticost, 206 Ala. 411, 90 South. 866. Charge 3 was bad in form. Goldstein v. Leake, 138 Ala. 573, 36 South. 458.

THOMAS, J. [1] There was no motion for a new trial presenting for review the sufficiency of the evidence, and the scintilla rule obtains. Howell v. Howell, 98 South. 630;[1]

Patterson v. A. C. L. R. R. Co., 202 Ala. 583, 81 South. 85; Penticost v. Massey, 202 Ala. 681, 81 South. 637; Id. 206 Ala. 411, 90 South. 866.

[2] There being evidence from which a reasonable inference may be drawn adverse to defendants, the affirmative charges requested by them were properly refused. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

[3] It is unnecessary that there be a consideration passing to the surety in the contract, if there is a valid and lawful consideration between the principal and the payee therein. Such consideration is sufficient to bind the surety joining in the execution of such contract. Christie v. Durden, 205 Ala. 571, 88 South. 667.

[4] If the note sued on was executed under an agreement of the parties thereto to suppress pending prosecutions against one of the makers of the note, it was void for want of a consideration, as forbidden by public policy. Moog v. Strang, 69 Ala. 98. The like rule obtains where there is a "partial illegality" of the consideration. Armstrong v. Walker, 200 Ala. 364, 76 South. 280; People's Bank & Trust Co. v. Floyd, 200 Ala. 192, 75 South. 940; U. S. Fidelity & Guar. Co. v. Charles, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; Wadsworth v. Dunnam, 117 Ala. 661, 670, 23 South. 699; Carrington v. Caller, 2 Stew. 175; Wynne v. Whisenant, 37 Ala. 46; Pettit's Adm'r v. Pettit's Distributees, 32 Ala. 288.

If, however, the note was for the purpose of securing a debt due by W. A. Orman (one of the makers appellant) to the payee, it would be valid and binding as to each of the makers of the note. And the evidence authorized the submission to the jury of the issues of mutuality and of sufficiency of the consideration.

[5] The defense was that the whole consideration of the note was the suppression ·of the pending prosecutions. There was no error in refusing charge No. 3 seeking to instruct as to a part of the consideration being illegal. The court, in its oral charge, fully and fairly submitted to the jury the lack of consideration of the note—that it was for the compounding of a felony.

We have respectively responded to the several assignments of error sufficiently insisted upon in argument of counsel, have examined the several objections and exceptions to the introduction or exclusion of evidence, and find them without merit. It will serve no good purpose to discuss them in detail, nor is this necessary.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

⊚⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 429.