*145 So. 188*
## UNDERWOOD v. SINGER SEWING MACH. CO.
### 4 Div. 677.

Supreme Court of Alabama.
Dec. 22, 1932.

John W. Rish, of Dothan, for appellant.

Oscar L. Tompkins, of Dothan, for appellee.

**FOSTER, J.**

Appellant was the mother-in-law of one Metcalf. She and her husband were sureties on the bond of Metcalf as an agent of the respondent. Their liability was limited to $500. He was such agent for a number of years, and was finally found short in a large sum, which was by agreement reduced to $3,600 after much negotiation.

Appellant owned eighty acres of land. Her husband was not the father of Mrs. Metcalf who was appellant's daughter by another marriage, and appellant was anxious that he should not be concerned in the affair. The inference is that he was well situated in his property rights. Appellant executed a mortgage on her eighty acres of land to the appellee in satisfaction of her liability on the bond, and for a transfer to her of the claim of appellee against Metcalf. She seeks in this suit to cancel that mortgage for duress and coercion, and illegality of consideration to the extent that the debt exceeded $500, offering to pay the $500, and surrender the claim against Metcalf and to do equity. She claims that it was agreed that Metcalf was by the agreement not to be prosecuted, and that such was a part of the transaction. Appellee thereupon filed a cross-bill to foreclose the mortgage. She set up the same matters in defense. The court heard the witnesses testifying in open court, and decreed that appellant was not entitled to relief and directed a foreclosure of the mortgage.

It has been long settled in Alabama that though a note be founded upon an adequate consideration, if as a part of the same or as

an inducement to its execution, there is an agreement to suppress a criminal prosecution, either begun or contemplated, the transaction is against public policy and the court will not lend its aid to enforce it. Folmar v. Siler, 132 Ala. 297, 31 So. 719; United States F. & G. Co. v. Charles, 131 Ala. 658, 31 So. 558, 57 L. R. A. 212; People's Bank & Trust Co. v. Floyd, 200 Ala. 192, 75 So. 940; Orman v. Scharnagel, 210 Ala. 381, 98 So. 123; Wilson v. Singer Sewing Machine Co., 214 Ala. 537, 108 So. 358, 359.

■ If the note (and mortgage) is otherwise legal, and not executed under duress, it is not rendered illegal on account of the fact that the principal is subject to criminal prosecution, unless there is an agreement to suppress the crime. The fact that such result is contemplated or hoped for, and in fact follows, does not alone render the transaction illegal. There was a possibility of the institution of a criminal prosecution, though not threatened. It could elect to do so or not. That which renders the transaction illegal is an agreement, express or implied, not to prosecute. It is certainly commendable and smacks of no illegality for the debtor, Metcalf, to pay his just debt to defendant. And if his wife's mother voluntarily undertakes to settle the debt on a sufficient consideration in the hope and expectation that as a consequence no criminal prosecution will be begun or continued, but without an agreement to that effect, the transaction is legal. The law does not give effect to a bare hope or expectation in that respect. Moog v. Strang, 69 Ala. 98; Wilson v. Singer Sewing Machine Co., supra.

■■ The evidence in this case of an agreement to that end is in direct conflict. As we have stated, the witnesses were before the trial court in person, and he found no such agreement was made, and we cannot say that he was clearly wrong in such conclusion. The circumstances which tend to show duress and coercion are even weaker than that there was an agreement to suppress the crime. There is not shown to have occurred any undue effort at persuasion, if any at all. She was solicitous that her husband should not be, and he did not become, involved. She was a woman of apparent vigor of mind and body, fifty-six years old, of sufficient education and experience to understand well the nature of the business, and she is emphatic in volunteering the statement in her testimony that she executed the papers voluntarily. She does not claim that she did not understand them, or that there was any form of misrepresentation. It is clear then the transaction is not upon an illegal consideration in whole or in part, nor infected with duress, coercion, or fraud. We may add, however, that equity would not cancel the mortgage for illegality in respect to the suppression of a crime. For such right is dependent upon an agreement in which complainant participated and she is

equally guilty in the transaction. Under such circumstances, both courts of law and equity refuse to grant relief to either party. Treadwell v. Torbert, 119 Ala. 279, 24 So. 54, 72 Am. St. Rep. 918; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934; 13 Corpus Juris 492.

It would likewise be sufficient ground to deny the right of foreclosure to appellee. But as the court decreed such foreclosure, evidently holding that there was no such agreement, it is necessary for us to review that question as we have done.

It is also insisted that, for want of consideration, the mortgage is not enforceable beyond the amount of the liability of appellant which she had assumed to the extent of $500 by the execution of her bond for the fidelity of Metcalf. She admits liability to that extent. She was a stranger to the debt beyond that amount, therefore her promise to pay it is not binding unless supported by a consideration. When such a stranger unites with the principal debtor in a note which extends the date of payment, there is a new consideration by virtue of such extension. The consideration for the extension being the obligation of the makers of the note, there is a new mutual consideration binding on all parties including the sureties. Wilson v. Singer Sewing Machine Co., supra; Orman v. Scharnagel, supra.

But not so when there is no extension of time to the principal, though deferred so far as the surety is concerned. So that, when the stranger takes on the obligation of the suretyship, there must be other consideration than postponement of payment applicable only to the surety. Bynum Mercantile Co. v. First National Bank, 187 Ala. 281, 65 So. 815; 50 Corpus Juris 49. There was no extension of this debt to Metcalf. He did not join in the note and mortgage.

■ But it appears without dispute that at the time of the execution of the mortgage, appellee executed a written assignment to appellant of its claim against Metcalf. The assignment recites that its consideration is the note and mortgage in question. It was delivered and received and retained by her, though she offers to surrender it upon a cancellation of the note and mortgage. She was present when it was prepared. There is no claim of misrepresentation, fraud, or mistake. True, it may be that in the negotiations the parties discussed with her the idea of securing or settling the shortage, but, when the papers were prepared and read and explained to her, she seems to have understood their true effect. She was capable of making a trade by which the consideration of her mortgage was the transfer of the claim to her. That was a sufficient consideration. She was fully acquainted with the financial status of Metcalf and the value of the assigned claim. Persons

sui juris must abide by their voluntary contracts upon sufficient consideration when there is no element of illegality. We cannot agree with appellant that the decree of the circuit court was erroneous.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.