148 So. 874

### PEOPLES v. STATE.
### 6 Div. 467.

Court of Appeals of Alabama.
May 16, 1933.

Rehearing Granted June 30, 1933.

476

Travis Williams, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

■ In deciding whether or not the trial court was in error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor, we will not—cannot—hold such action erroneous if there was a "scintilla of evidence" offered, tending to support the allegations of the indictment. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411. Manifestly, obviously, and without serious question, there was such "scintilla" in this case; hence the affirmative charge, etc., referred to, was properly refused.

■ We are not required to say whether or not the evidence was sufficient to support the verdict. Orman et al. v. Scharnagel, 210 Ala. 381, 98 So. 123.

The big question in the case, as shown by the record, etc., was as to whether or not, under the testimony, appellant could be lawfully punished as for the charge contained in the indictment. As shown, we are unable to state that he could not be.

We have carefully examined all other questions apparent—both as to rulings on the taking of testimony and as to the refusal of written, etc., charges. It would seem that discussion was profitless. Suffice to say that we discover nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.

On Rehearing.

■ Upon original consideration we were of the opinion, and in effect held, that appellant's written requested charge 5 was, in essential substance, sufficiently covered by, and included in, charges given to the jury at appellant's request. We are now of the opinion, and hold, that the refusal of this written charge 5 was prejudicial error. It did not submit to the jury a question of law; because what was "an actual living together in a state of adultery or fornication" was fully and accurately defined to the jury by the court. That fact, i. e., that definition, was what caused us, in the first instance, to be of the opinion that it was not error to refuse this written charge 5.

But the evidence in the case was of a peculiar sort to especially demand that the jury have all the light, possible and proper, on how to consider same with regard to the law appertaining. What we are trying to say is that this charge 5 was particularly apt in view of the evidence in this particular case. Its substance may have been, technically, included in other charges given, but, if so, we are persuaded, upon further consideration, that the jury, composed of laymen, would never have surmised as much.

It results that we are of the opinion the judgment of conviction should be reversed because of the refusal of appellant's written requested charge 5. And it is so ordered.

Application for rehearing granted; judgment of affirmance set aside; the judgment of conviction reversed; and the cause remanded.