58 So.2d 108

**JOHNSON v. GORDON.**

I Div. 446.

Supreme Court of Alabama.

April 3, 1952.

Vincent F. Kilborn and Fred G. Collins, Mobile, for appellant.

194

Paul S. Jones, Grove Hill, for appellee.

STAKELY, Justice.

This is an appeal from a final decree denying relief to the complainant, Stella Johnson, who sought cancellation of two mortgages and also sought to set aside the foreclosure of the last of the two mortgages. The decree was rendered after the witnesses had testified orally before the court.

The lands embraced in the mortgages aggregate about 40 acres and lie in Clarke County, Alabama. Without dispute Will Johnson, the husband of the complainant, is the common source of title in this case. In January, 1925, Will Johnson and his wife Stella Johnson gave a mortgage on the lands to one R. S. Chapman to secure an indebtedness of $250. This mortgage was duly satisfied and canceled of record, being in part replaced by another mortgage dated September 3, 1931, given by Stella Johnson and her two sons Frank Johnson and W. G. Johnson to R. S. Chapman for an unpaid balance on the old debt and new advances aggregating the total amount of $837.70. It is this last mortgage to R. S. Chapman which Stella Johnson has sought to have cancelled in the present proceeding. After the first mortgage but before the last mortgage had been given Will Johnson conveyed the lands involved to his wife Stella Johnson and his two minor sons Frank Johnson and W. G. Johnson.

R. S. Chapman died in 1932. After his death James S. Chapman, his brother, undertook to wind up his business but he died in 1934. After that S. C. Gordon, the son of a sister of R. S. Chapman, in behalf of the heirs of the estate of R. S. Chapman undertook to wind up the affairs of R. S. Chapman and there was turned over to him for collection the last mentioned mortgage, which, according to him, appeared to have a balance due thereon of about $850. He considered that the forty acres embraced in this latter mortgage was not worth what the morgage called for and so as a result of negotiations with Stella Johnson an agreement was reached for an amount which it was thought she could pay and which was in keeping with the value of the property. The result, according to S. C. Gordon and also according to C. B. Gilmore, an attorney, was that Stella Johnson and her husband and their two sons executed to S. C. Gordon, as Trustee for the heirs at law of R. S. Chapman, a mortgage to secure an indebtedness recited therein of $386.40. This indebtedness was evidenced by two notes for $193.20 each, payable respectively on the 1st day of November, 1935 and the 1st day of November, 1936. This mortgage was dated the 1st day of October, 1934. At the time the mortgage was executed to S. C. Gordon, as Trustee, W. G. Johnson was a minor and it was arranged that the mortgage and notes were to be delivered to S.

C. Gordon upon the ratification or disaffirmance of same when W. G. Johnson reached the age of 21. W. G. Johnson on December 27, 1935, having reached the age of 21 years, signed an instrument ratifying and confirming the execution of the aforesaid mortgage and the notes secured thereby and the instruments were delivered.

According to the testimony of S. C. Gordon and C. B. Gilmore the last of the aforesaid mortgages which was made in favor of S. C. Gordon, as Trustee, was foreclosed at public outcry under the power of sale contained in the mortgage in front of the Court House door in the town of Grove Hill, Clarke County, Alabama, on May 19, 1941. A foreclosure deed to S. C. Gordon was executed May 19, 1941 and recorded on March 30, 1949.

In the case at bar Stella Johnson seeks cancellation of the mortgage made to R. S. Chapman on September 3, 1931, and also seeks to set aside the mortgage made to S. C. Gordon, as Trustee, dated October 1, 1934, and also seeks to set aside the alleged foreclosure of the last mentioned mortgage.

It is the position of Stella Johnson that there was no consideration to support the execution of the mortgage to S. C. Gordon, as Trustee, her claim being that all the indebtedness secured by the two mortgages to R. S. Chapman had been fully paid. It is her further position that the mortgage to S. C. Gordon, as Trustee, was executed on his promise to secure the nolle prosse of a criminal charge against her son W. G. Johnson. There was an indictment pending at the time against her son for burglary of the store of S. C. Gordon. According to S. C. Gordon, W. G. Johnson broke in the store. A dollar was found missing and also possibly a knife. This indictment was nolle prossed in the criminal court on April 27, 1936 and on the same day the mortgage to S. C. Gordon, as Trustee, was recorded.

It is not clear how the last mortgage to R. S. Chapman can be before the court, since none of the heirs of R. S. Chapman were parties to the cause, and it is not clear how S. C. Gordon can be said to represent the estate of R. S. Chapman, deceased. But this after all is an immaterial inquiry.

The purpose of considering the two mortgages to R. S. Chapman is for the purpose of seeing whether there was an existing indebtedness at the time the mortgage to S. C. Gordon, as Trustee, was executed so as to determine the probative value of the testimony of S. C. Gordon and C. B. Gilmore. They both testified that the purpose of the mortgage to S. C. Gordon, as Trustee, was to secure the indebtedness which grew out of the two aforesaid mortgages.

While Stella Johnson testified that the indebtedness secured by the two mortgages to R. S. Chapman had been fully paid when the mortgage to S. C. Gordon, as Trustee, was executed, beyond her statement there was no proof of such payment, except as it could be implied from a written statement purporting to be signed by R. S. Chapman, dated November 21, 1939 and which was introduced in evidence. In this paper it was stated that he had bought timber and wood in 1928 in the amount of $565 and had moved it from the property of Stella Johnson. The paper further declared that, "your mortgage has been paid in full. I will cancel the mortgage and return to you within a few days." It will be noted that this paper is dated about sixty days after the second mortgage to R. S. Chapman was given in the amount of $837.70. The instrument refers to timber and wood bought in 1928. It is by no means clear that R. S. Chapman intended to say that the indebtedness secured by the second mortgage to him had been paid in full. And the situation admits of inference that it was his intention to cancel the first mortgage, something which he did do, but not the second mortgage which he never cancelled of record. Nor did he return the second mortgage and the notes secured thereby to Stella Johnson. We cannot be satisfied merely from this evidence that there was no indebtedness owing to the estate of R. S. Chapman at the time the mortgage to S. C. Gordon, as Trustee, was executed.

There is testimony tending to show that the indictment against the son of Stella Johnson was mentioned at the time negotiations were going on with reference to the making of the mortgage to S. C. Gor-

don, as Trustee. The criminal charge is referred to in a memorandum given by C. B. Gilmore to Stella Johnson. But both C. B. Gilmore and S. C. Gordon expressly testified that the nolle prosse of the criminal charge was not in any way a consideration for the mortgage but that the sole consideration for the mortgage was the indebtedness to the estate of R. S. Chapman, deceased. Under the evidence the court had the right to find that there was a mortgage indebtedness still owing to the estate of R. S. Chapman, deceased, and that while the criminal charge against her son was mentioned at the time, it was in no way a consideration for the execution of the mortgage which was foreclosed. If the mortgage to S. C. Gordon, as Trustee, was voluntarily executed on a sufficient consideration in the hope and expectation that the criminal charge would be dropped but without agreement to that effect, the transaction is legal. Underwood v. Singer Sewing Machine Co., 225 Ala. 680, 145 So. 138.

There was introduced in evidence a statement by C. B. Gilmore to the effect that he would undertake for Stella Johnson to settle the mortgage debt for $85 and he would not let her pay more. The trial court was of the opinion that the paper shows an erasure and that the true amount in the paper was $850. But be that as it may, the paper certainly shows that there was an indebtedness still owing to the estate of R. S. Chapman, deceased, and that was an important matter to be considered by the court.

It should be noted that the mortgage to S. C. Gordon, as Trustee, was given in 1934. This suit attacking the mortgage and its foreclosure was not filed until August, 1949. After the foreclosure there is testimony tending to show that Stella Johnson remained on the premises as a tenant paying rent at the rate of $2 per month. There seems to be no doubt that she did pay some rent at least for a short period of time. After foreclosure S. C. Gordon redeemed the property from sale for unpaid taxes and then assessed and paid the taxes each year from that time. It is claimed that Stella Johnson is estopped to deny the title of her landlord and barred by the statute of limitations or by laches from proceeding with this suit. The court, however, did not base its decree on these theories but simply on the theory that the mortgage to S. C. Gordon, as Trustee, in 1934 was executed to secure an indebtedness for lawful advances, which was not paid, and that it had been duly and properly foreclosed. Obviously, assuming this to be true, the time for exercising the statutory right of redemption had expired.

 We agree that there was evidence before the court from which it could be inferred that there was a valid consideration for the execution of the mortgage to S. C. Gordon, as Trustee, and that it had been duly and properly foreclosed. The witnesses testified in person before the court. The trial judge had the opportunity to observe their demeanor and to weigh the force and effect of their testimony. Since we cannot say that the decree of the court is palpably wrong, it will not be disturbed. Skelton v. Tyson, 252 Ala. 496, 41 So.2d 180.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.