# Johnson *v.* Washburn.

*Action on Bond, or Bill Single.*

1. *Time within which bills of exception may be signed.*—A provision in the act, "To establish the City Court of Gadsden," approved Feb. 18, 1891, declaring that final judgments rendered in said court shall be taken and deemed beyond the control of said court after the expiration of ten days from their rendition, does not abridge the power of said court to grant time within which bills of exception may be signed; that, the exercise of such power is not taking *control* of the judgment by the court.—*Stein v. McArdle,* 25 Ala. 561, distinguished or overruled.

2. *Oral evidence to vary written obligation.*—Where a note or obligation is payable to the order of a named person, it is not admissible to receive evidence of a contemporaneous oral agreement that it was not to be assigned or transferred except to some particular person.

3. *Same; subsequent agreement without consideration.*—Where a note is made payable to the order of A. a subsequent endorsement in writing on the note, that it is not assignable by A. except to C. is without consideration, and imposes no obligation.

APPEAL from Gadsden City Court.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by Thos. L. Johnson, the appellant, against J. B. Washburn, the appellee, to recover an amount due by bond, or bill single, executed by said Washburn, payable to Ed. Ashley or order, which bore date 30th July, 1890, and was due the 25th of December thereafter, and transferred before maturity to the plaintiff. The suit was commenced on the 10th of December, 1891. The defendant filed three pleas:

First, That said note was made payable to Ed. Ashley or order, and at the time it was made, and as a part of the consideration thereof, it was agreed that it should not be transferred except to W. P. Shahan, and that the transfer to plaintiff was illegal.

Second, That said note was made payable to Ed. Ashley or order, and that at the time of its execution it was agreed that it should not be transferred except to W. P. Shahan, and afterwards, by consent of the parties, and in pursuance of said agreement not to transfer except to said Shahan, said agreement was endorsed on the note while said Ashley was still the owner thereof.

Third, That the instrument sued on was made payable to

[Johnson v. Washburn.]

Ed. Ashley or order, and at the time of its execution the parties thereto agreed in writing that said instrument could not be transferred except to W. P. Shahan, and that said written agreement was then and there made part of said instrument by endorsement thereon.

To these pleas the plaintiff demurred on the following grounds:

1. That said pleas do not show that the plaintiff is not the party really interested in said bond.

2. That said pleas do not show that the defendant is not liable for the payment of said bond.

3. For aught that appears by said pleas the defendant still owes said bond.

4. For aught that appears by said pleas the defendant is liable to the plaintiff for the said bond.

5. That said pleas do not show a consideration for the agreement not to transfer said bond to any except Shahan.

6. That said pleas do not show that the plaintiff is not the owner of said bond and entitled to the payment thereof.

Demurrers were interposed to said three pleas separately. The court sustained the demurrer to the first plea, and overruled it to the second and third. Upon issue taken on said two pleas there was a verdict for the defendant. During the trial the court permitted, against the objection of the plaintiff, the defendant to testify to an oral agreement between Ashley and himself, made at the time he gave his note, that it was not to be traded except to W. P. Shahan. To this action of the court the plaintiff duly excepted, and assigns the same as error, together with the overruling by the court of the demurrers of plaintiff to the second and third pleas of defendant.

J. A. BILBRO and GEO. D. MOTLEY, for appellant, cited Act of 1890–91, p. 1094, "To establish the City Court of Gadsden;" Code of 1886, § 2761, and Rule 30 of Practice, p. 810; *Butler v. Gage*, 23 Poe. Rep. 462; *Perry v. Manhattan Fire Ins. Co.*, 25 Ala. 361; *Weber v. Rosenheim*, 37 Ill. Rep. 365; 79 Ala. 377; 1 Brick. p. 867, § 905.

DORTCH & MARTIN, for appellee, cited *Steiner v. McArdle*, 25 Ala. 561.

STONE, C. J.—The judgment of the City Court, from which the present appeal was prosecuted, was rendered March 30, 1892. The bill of exceptions was signed May 30, 1892, precisely two months after the judgment was ren-

[Johnson v. Washburn.]

dered.   A motion is made by appellee to strike the bill of exceptions from the transcript because the same was signed and bears date at a time when the court had no lawful authority to allow and sign the same.   The precise ground of this motion is made to rest on the language of the statute, "To establish the City Court of Gadsden," approved February 18, 1891.—Sess. Acts of 1890–91, pp. 1092–1103.   Section 27 of that statute declares "That final judgments rendered in said court shall, after the expiration of ten days from their rendition, be taken and deemed as completely beyond the control of the court as if the term of the court at which said judgments are rendered had ended at the end of said ten days."   There are provisos to this clause, but they do not directly affect this case.   The argument is, that for the purposes of this motion, the term of the court at which the judgment was rendered must be regarded and treated as having been adjourned at the end of ten days after March 30th, the date of the judgment; and that consequently, when the bill of exceptions was signed—May 30, 1892,—there was no authority therefor, either under the statute, or under the order of the court.   In the judgment entry of March 30th is this clause:   "It is ordered by the court that the defendant be allowed thirty days from this date in which to have a bill of exceptions signed by the presiding judge of this court."

We can not assent to this argument as made, for more reasons than one.   First, signing a bill of exceptions is neither within the letter or spirit of the statutory prohibition.   It is not, and can not be a taking of *control* of the judgment by the court.   It leaves it in every sense unchanged, so far as the action of the primary court is concerned.   It is simply a preparatory step towards having that judgment reviewed in an appellate court.   Second, that clause, by its very terms, gives to judgments of that court, after the ten days have expired, the properties of a final, unalterable judgment, only to the extent and for the purposes mentioned in the statute.   It does not adjourn the court in fact, and it makes no change whatever in the law affecting the reservation of exceptions, to rulings of the court which would not otherwise appear.—*Harrison v. Hamner* (at present term), 12 So. Rep. 917.

The motion to strike the bill of exceptions from the transcript must be overruled.   The statute creating said court, Sec. 5, enacts that "Regular terms of said court shall be held on the first Mondays in January and July in each year, and shall continue open until thirty days before the first day

of the next term thereafter." This case was tried at the regular term of the City Court commencing on the first Monday in January, 1892, to-wit., on March 30, 1892. That term of the court continued in session until thirty days before the next regular term of that court, the first Monday in July, 1892. Such was and is the statutory mandate. The first Monday in July, 1892, was the 4th day of that month, a legal holiday in this State, and if we exclude it from the computation, Tuesday, July 5, would be the day on which the July term would open. Thirty days before that time would necessarily be not earlier than June 5, five or six days after the bill of exceptions in this case was signed, as shown by the agreement accompanying the record. It follows that the bill of exceptions must have been signed during the term of the court at which the trial was had. The motion to strike the bill of exceptions from the transcript is, therefore, disallowed.

We have been referred to *Stein v. McArdle*, 25 Ala. 561, as expressing views different from those announced above. The language of the two statutes is somewhat different; but if that difference is not enough to require the application of a different principle, we do not hesitate to pronounce that decision wrong, and to overrule it.

This ruling, however, is unimportant in this case, as the rulings on demurrer present the same question as that shown in the bill of exceptions.

Defendant interposed three pleas in bar, to each of which plaintiff demurred. Each of these pleas sets up substantially the same defense, though varied somewhat in phraseology.

The cause of action declared on is a bond or bill single for one hundred dollars, bearing date July 30, 1890, payable to Ed. Ashley or order on the 25th of December next after its date; "which bond, or bill single is now the property of plaintiff." Plea numbered 2 avers "that the note sued on was made payable to Ed. Ashley or order, and at the time said note was made payable it was agreed that it should not be transferred, except to W. P. Shahan; and afterwards by consent of the parties to said note, in pursuance of said agreement and to carry out the same, said agreement not to transfer except to W. P. Shahan was indorsed on said note, and the indorsement was made whilst said Ashley was still owner of said note." As we have said, this plea was demurred to. The court overruled the demurrer, and this is assigned as error.

We hold there is nothing in this defense, either as pleaded

or proved. *First*, the plea itself does not negative the fact that the bill single was traded first to Shahan, and afterwards by him to Johnson who brings this suit. There is nothing in the agreement set up in defense which would or could prevent such subsequent transfer, or invalidate the title, or right of such second transferee to maintain a suit in his own name under our statute.—Code of 1886, § 2594.

*Second.* The alleged oral agreement made contemporaneously with the execution of the bond, not to transfer it except to Shahan, would, if it could have any binding force, vary the writing, in this: The bond binds the maker to pay to Ed. Ashley or order, or, as expressed in the writing, "to the order of Ed. Ashley." To allow such proof would be to violate a fundamental law of evidence, that written contracts can not be varied by oral agreements made at the same time. 1 Brick. Dig. 969-70, §§ 905 *et seq.*; 3 *Id.* 413; *Jones v. Trawick*, 31 Ala. 253; *Lakeside Land Co. v. Dromgoole*, 89 Ala. 505; 1 Greenl. Ev. § 275. The subsequent indorsement on the bond was without consideration, and imposes no binding obligation.

*Third.* If such promise was in fact made, and if it was binding, we are not able to perceive how it can be urged in defense of an action on the note. The plea does not deny that defendant owes the money the bond expresses, and binds him to pay. It sets up no defense to the debt sued for, which could be made available if the suit had been by Ashley, or by Shahan. If by the agreement Ashley imposed on himself a binding obligation not to transfer the bond except to Shahan, there is nothing stated in the plea which shows that Washburn was cut out of any defense, or otherwise injured, by Ashley's alleged breach of that agreement. Would such agreement, under any circumstances, arm the promisor with any right to defend a suit on the bond? We do not hesitate to affirm that, presented as it is in this case, the plea opposes no bar to a recovery. Possibly, if damage were averred and shown, and the agreement were embodied in the writing, the defendant might defend, or maintain an independent action, dependent on the particular nature of the injury.—*McNair v. Cooper*, 4 Ala. 660; *Standifer v. White*, 9 Ala. 527; *Patrick v. Petty*, 83 Ala. 420. See also *Butler v. Gage*, 23 Pac. Rep. 462; *Perry v. Mer. Ins. Co.*, 25 Ala. 355.

Reversed and remanded.