# Savage v. First National Bank.

### *Action on a Promissory Note:*

1. *Surety on note*; *not liable if he signs note after its execution.* Where one signs a note or bond as surety, after it has been fully executed and become a complete contract between the other parties thereto, without any new or additional consideration, he is not liable on such note; and the fact that thereafter he wrote a letter in which he admitted that he signed the note, but insisted that he should not be sued thereon, does not create a liability.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. GEORGE E. BREWER.

This was an action brought by the appellee, the First National Bank of Rome, Georgia, on a promissory note made by J. R. Graham & Son, and the appellant, James H. Savage, and payable to Mrs. E. J. McGhee. The note was duly transferred to the plaintiff bank. The defendant Savage pleaded specially that the note sued on was without consideration as to him, and that the bank was not the beneficial owner of the note, on which special pleas, and the plea of the general issue, the case was tried.

The plaintiffs introduced evidence tending to show that the note was executed in settlement of a suit by McGhee Bros. against J. R. Graham & Son, and that it had been transferred to the plaintiff. The plaintiff introduced in evidence a letter from J. H. Savage to McGhee, in which he admitted having signed the note, but insisted on not being sued thereon; the letter having been written for the express purpose of inducing McGhee not to bring suit against Savage.

Upon the plaintiff offering to introduce in evidence a

[Savage v. First National Bank.]

Code of the laws of the State of Georgia, the defendant objected on the ground that the book did not purport to have been printed by authority of the State of Georgia. The court overruled the objection, allowed the book to be introduced in evidence, and to this ruling the defendant duly excepted. It was agreed between the counsel that upon appeal, the Supreme Court could examine a copy of the Code of Georgia in the Supreme Court Library, to ascertain whether or not the objection to its introduction in evidence was well taken.

As is stated in the opinion, the evidence tended to show that the defendant Savage signed the note sued on, after it had been executed, and without any consideration moving to him.

There was a verdict returned against the defendants in favor of the plaintiff; and thereupon the defendant Savage moved the court for a new trial, on the grounds that the verdict was contrary to the law and the evidence, and that the court erred in overruling the defendant's objections to the introduction of the Code of Georgia. This motion was overruled, and the defendant Savage duly excepted.

There was judgment for the plaintiff. The defendant Savage appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SAVAGE & COLEMAN, for appellant.—There was no consideration for the signature of defendant Savage. Signing after delivery without a new consideration made the instrument *nudum pactum* as to defendant Savage. His testimony on that point was uncontradicted. The new trial should have been granted.

STEVENSON & AGEE, *contra*.—The court below did not err in refusing to grant the defendant Savage a new trial.—*Morris v. West*, 101 Ala. 534; *Cobb v. Malone*, 92 Ala. 630. The court below could not consider the motion for a new trial on the ground that the verdict of the jury was contrary to the law, except on specific assignments of error of law.—*Cobb v. Malone, supra; Winter v. Judkins*, 106 Ala. 259.

HEAD, J.—Whether the Georgia Code which was admitted in evidence, purported to have been printed

[Davidson v. Cox.]

by authority of the State or not, it was not proper to introduce the whole volume. But it was not objected to on that ground. We have not examined the volume in the library, as counsel agreed might be done, as the judgment must be reversed for another cause. If it should become necessary to have the question decided, let it come before us by bill of exceptions in the regular way.

There was no conflict in the evidence going to show that Savage signed the note or bond sued on, after it had been fully executed and had become a complete contract between the other parties; and that it was signed by him as surety without any new or additional consideration. The letter he afterwards wrote concerning it, was as much a *nudum pactum* as the note or bond. He was, therefore, entitled to the general charge in his favor, if he had requested it. The verdict was contrary to the law and the evidence, and on that ground the motion for a new trial ought to have been granted. If the instrument was sealed, there can be no recovery under the present complaint.

Reversed and remanded.