## B. C. Bynum Mercantile Co., *et al. v.* First National Bank of Anniston.

*Bill to Enforce Rights as Assignee of Mortgages and Lease.*

(Decided June 11, 1914.    65 South. 815.)

1. *Mortgages; Pledges; Consideration.*—A mortgage or pledge given as security for a pre-existing debt of the mortgagor or pledgor is valid and binding upon that consideration, but where the mortgagor or pledgor is a stranger to the debt, and there is no other consideration, it is void for want of consideration.

2. *Pledges; Validity; Consideration.*—Where a surety transferred .to the creditor before maturity certain collateral securities and obligations, the transfer was supported by a sufficient consideration, although the surety was only contingently liable for the debt.

3. *Landlord and Tenant; Lien; Enforcement.*—The provisions of section 4829, do not require that one to whom a landlord's lien was assigned resort to an attachment at law to enforce it, but such assignee may proceed by a bill in equity.

APPEAL from Clay Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the First National Bank of Anniston against B. C. Bynum Mercantile Company and others to enforce its rights as the assignee of a certain mortgage and a certain lease contract, together with the notes of the mortgagee and lessee given to secure the same. From a decree overruling demurrers to the bill, defendants appeal. Affirmed.

The complainant loaned $3,000 to the Bynum Mercantile Company, and the note of the company was contemporaneously indorsed by B. C. Bynum and others as part of the original consideration. Afterwards, before the maturity of the Bynum Company note, and without other consideration than his pre-existing contingent obligation as indorser thereon, B. C. Bynum transferred to complainant by indorsement, as collateral security for the Bynum Company note, the several notes and obligations in question, the same having been executed to B. C. Bynum by one J. I. Handley.

CORNELIUS & CORNELIUS, for appellant. An endorsement is a contract, and, like other contracts, requires consideration; and it has been held that between immediate parties want of consideration invalidates it.— *Johnson v. Washburn,* 98 Ala. 258; *Savage's Case,* 112 Ala. 508; *Drinkall v. Movies State Bank,* 95 American State Reports, 693. One who obligates himself as surety after a transaction is completed, and upon an orig-

inal transaction, is not bound for the reason that the transaction is without consideration.—*Savage v. Bank,* 112 Ala. 508; *Jackson v. Jackson,* 7th Ala. 791. A consideration wholly past and executed will not sustain a promise, unless the consideration arose at the instance of the party promising.—1 Stewart & Porter, 83; *Holland v. Barnes,* 53 Ala. 83. The lien given a landlord is enforceable only by attachment.—Code, 4739.

KNOX, ACKER, DIXON & STERNE, for appellee. A pre-existing debt without any new consideration is sufficient to support a contract of pledge.—31 Cyc. pages 795, 796; *Spencer v. Sloan,* 108 Ind. 183; *Tomblin v. Callin,* 69 Ir. 229; *Jewett v. Warren,* 12 Mass. 300; *In re Wyly,* 29 Fed. Cases, No. 17655; *Bridgeport Co. v. Welch,* 29 Conn. 475; *Citizens Bank v. Payne,* 18 La. Ann. 229; *Williams v. Little,* 11 N. H. 66; *Cobb v. Doyle,* 7 R. I. 550. No case can be found in which a man's own debt has been ruled to be an insufficient consideration between him and his creditor for a mortgage or other security received by the latter from his debtor. —*Turner v. McFee,* 61 Ala. 468. The remedy by attachment to enforce a landlord's lien is cumulative, and is no bar to a bill in equity to enforce it.—*Carmen & Begg v. Ala. Nat. Bank,* 101 Ala. 189. Any lien may be enforced in the manner provided by statute, if so provided, or in equity, or by attachment for enforcing lien, or any similar mode or remedy existing in the common law.—Code of 1907, Sec. 4829.

SOMERVILLE, J.—It is well settled by the authorities that a mortgage or pledge given as security for the pre-existing debt of the mortgagor or pledgor is valid and binding upon that consideration alone, and requires no new or additional consideration to support it.—*Tur-*

*ner v. McFee,* 61 Ala. 468; *Spencer v. Sloan,* 108 Ind. 183, 9 N. E. 150, 58 Am. Rep. 35; *National Bank v. Dakin,* 54 Kan. 656, 39 Pac. 180, 45 Am. St. Rep. 299; *Jewett v. Warren,* 12 Mass. 300, 7 Am. Dec. 74; Jones on Pledges, § 107; 31 Cyc. 795, 796, notes 20 and 21.

It is equally well settled that such a mortgage or pledge by a stranger to the original obligation given upon that consideration alone is not binding for want ·of a valid consideration.—*Johnson v. Washburn,* 98 Ala. 258, 13 South. 48; *Savage v. First Nat'l Bank,* 112 Ala. 508, 20 South. 398; *Holland v. Barnes,* 53 Ala. 83, 25 Am. Rep. 595; *Jackson v. Jackson,* 7 Ala. 794.

The demurrers in this case present for decision the question whether the binding obligation of a surety or guarantor to contingently pay the debt of his principal will alone support his subsequent transfer of collateral securities for the payment of the original debt; no new or additional consideration intervening. We are not referred by counsel on either side to any authority in point, nor have we discovered any. While for some purposes of the law a contingent liability is distinguishable from a direct and unconditional obligation to pay, we are unable to discover any valid reason why, for the purpose in hand, there should be any material distinction. Upon due consideration, we hold that any subsisting liability to pay his principal's original debt, whether absolutely or only upon the condition that his principal fails to pay, is a sufficient consideration for a subsequent pledge of collaterals by a surety or guarantor as security for the original debt.

As to the enforcement of Bynum's transferred landlord's lien against Handley, complainant is not required to resort to an attachment at law.—Code, § 4829.

The bill of complaint contains equity, and is not subject to the objections urged. The decree of the

chancellor overruling the demurrer will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.