Voncile Kittle and B.C. Kittle, husband and wife, filed a suit against Sand Mountain Bank, alleging that they were the owners of certain real estate that had been mortgaged to the bank on February 12, 1976. The Kittles' complaint stated that Voncille Kittle was not indebted to the bank and that B.C. Kittle might have been indebted in some amount, but that any indebtedness had been discharged in bankruptcy. The Kittles asked for a declaration of rights, including a declaration that the foreclosure on the interest of Voncile Kittle was wrongful, null, and void.
Briefly, the facts leading to this suit are as follows: B.C. Kittle operated a business of buying and selling used automobiles for approximately twenty-five years. During this time he dealt specifically with Sand Mountain Bank, repeatedly borrowing and paying. He kept no significant business records but relied on the bank to keep the records of his transactions and standing with it.
At trial, the bank produced approximately thirty-three notes which represented the debt which Mr. Kittle owed the bank. The notes of most concern to us in this appeal are as follows: A note dated October 17, 1975, for $10,000.00 and a note dated January 20, 1976, for $40,000.00.
On February 12, 1976, Mr. and Mrs. Kittle executed a mortgage on their home to the bank. The mortgage recited that Mr. and Mrs. Kittle, as "mortgagors," were indebted to the bank in the principal sum of $50,000.00 and that this obligation was "evidenced by a promissory note or notes, as follows: on demand, with interest from date at the rate of 9% per annum."
After a non-jury trial, the court rendered judgment on February 10, 1982, denying any relief to the Kittles, except a ruling that Voncile Kittle had the right to redeem *Page 101 
her interest by paying to the bank the sum of $25,000.00. On February 12, 1982, the Kittles filed an amendment to conform the pleadings to the evidence, alleging that as to plaintiff Voncile Kittle the mortgage was void for want of consideration. The court in effect allowed and considered the amendment, although it did not render an order on it.
The Kittles now appeal the trial court's final judgment, stating that the court erred in failing to hold that the mortgage of February 12, 1976, was "nudum pactum" as to Voncile Kittle and that the court erred in failing to remove such mortgage as a cloud on her title. Sand Mountain Bank states, however, that the question of lack of consideration is not properly before the court and therefore should not be considered.
This court opines that the question of lack of consideration is properly before the court. ARCP Rule 15 (b) states in pertinent part:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." (Emphasis added.)
The record shows that Mr. Kittle bought the subject property on October 12, 1971. He gave his wife, Voncile Kittle, a one-half interest in the property on May 31, 1974. Even though Mrs. Kittle signed the February 12, 1976, mortgage to the bank, we do not find in the record that she signed the notes that represented the indebtedness of her husband. (We note that some of the notes in the record are blurred, and some are illegible.) But, she testified that she did not receive any of the loan proceeds from the bank.
Since Mrs. Kittle did not sign the notes and did not receive any of the loan proceeds, the mortgage of February 12, 1976, as to her, was null and void for lack of consideration. This court held in Bynum Mercantile Co. v. First National Bank ofAnniston, 187 Ala. 281, 65 So. 815 (1914), that a mortgage given as security for a pre-existing debt of the mortgagor is valid and binding upon that consideration, but where the mortgagor is a stranger to the debt, and there is no other consideration, it is void for want of consideration.
The original opinion is withdrawn and the application for rehearing is granted.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.