BRYAN, Justice.
Merchants Bank appeals a judgment entered by the Baldwin Circuit Court in favor of Elizabeth Head on Merchants Bank’s claim against her alleging breach of a promissory note. We reverse the judgment and remand the cause with instructions.

Facts and Procedural History

In March 2008, David Head (“David”) and Elizabeth Head (“Elizabeth”) executed a promissory note in favor of Merchants Bank for a $400,000 business loan (“the 2008 promissory note”). The 2008 promissory note was secured by a mortgage on the Heads’ personal residence. David had completed the loan application, and Merchants Bank had reviewed his financial information in determining whether to make the loan. According to Merchants Bank, it had requested financial information from both David and Elizabeth but had received information from only David.
David and Elizabeth signed the 2008 promissory note on the lines provided at the end of the document, on page three. In signing on page three, David and Elizabeth indicated that they were “agreeing] to the terms of th[e] note.” One of the terms provided, in pertinent part:
“I understand that I must pay this note even if someone else has agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me [the signatory] alone, or anyone else who is obligated on this note, or any number of us together, to collect this note.”
The 2008 promissory note also included a box on page two of the note, which indicated: “Any person who signs within *1153 this box does so to give you a security interest in the Property described on this page. This person does not promise to pay the note. T as used in this security agreement will include the borrower and any person who signs within this box.” The box on page two of the 2008 promissory note was left blank.
After the 2008 promissory note was executed, Merchants Bank wired the $400,000 to David’s personal account. David testified that he then wrote a check distributing the funds to his real-estate-development company, Head Companies, LLC. The Heads renewed the 2008 promissory note in March 2009 and again in March 2010, in August 2010, in February 2011, and, finally, in July 2011. With the exception of the July 2011 renewal, each renewal was signed on page three by both David and Elizabeth. The box on page two was left blank. On the initial version of the July 2011 renewal of the note (“the initial July 2011 note”), however, Elizabeth signed in both the box on page two, indicating that she intended to “give [Merchants Bank] a security interest” in the Heads’ personal residence, and at the end of the document on page three.
Ron Clolinger, Merchants Bank’s assistant vice president and loan-review administrator, testified that Elizabeth’s signature on page two of the initial July 2011 note was “a mistake in the nature of a scrivener’s error and [Merchants] Bank subsequently had the Heads execute a corrected note, which they did knowingly and voluntarily.” Merchants Bank’s brief, at 10. Elizabeth presented no evidence to the contrary. The “corrected note” (“the corrected July 2011 note”) bears the same date as the initial July 2011 note and, like all the previous renewals, was signed by both David and Elizabeth on page three of the document only. The box on page two of the corrected July 2011 note was left blank.
The Heads defaulted on the promissory note in April 2012. In September 2012, Merchants Bank sued the Heads, alleging breach of the promissory note and attaching to the complaint the initial July 2011 note as evidence of the debt.[1] David did not answer the complaint, and Merchants Bank obtained a default judgment against him in the amount of $415,142.57 plus interest on the judgment. Elizabeth did answer the complaint, arguing that the note was unenforceable against her because she had signed the initial July 2011 note only to give a security interest in her and David’s residence not “for the purpose of agreeing to pay the debt evidenced thereby” and because she had not received consideration for her signature on the note.
Merchants Bank moved for a summary judgment against Elizabeth. That motion was denied. After a bench trial in March 2013, the circuit court entered a final judgment, which provided, in its entirety: “On the evidence presented at trial, judgment is for defendant, Elizabeth Head, on suit on the promissory note. Costs taxed to [Merchants Bank].” Merchants Bank has appealed the circuit court’s judgment.

Standard, of Review

“The ore tenus standard of review generally applies to judgments entered following a bench trial.” R & G, LLC v. RCH IV-WB, LLC, 122 So.3d 1253, 1256 (Ala.2013).
*1154 “Under the ore tenus standard of review,' findings on disputed facts are presumed correct, and the trial court’s judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust. Southside Cmty. Dev. Corp. v. White, 10 So.3d 990, 991 (Ala.2008). ‘ “ ‘ “The presumption of correctness, however, is re-buttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ”” 10 So.3d at 991-92 (quoting Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007), quoting in turn Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005), quoting in turn Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)).”
Lawson v. Harris Culinary Enters., LLC, 83 So.3d 483, 491 (Ala.2011).
Under the ore tenus standard, “when a trial court makes no specific findings of fact, ‘this Court will assume that the trial judge made those findings necessary to support the judgment.’ ” New Props., L.L.C. v. Stewart, 905 So.2d 797, 799 (Ala.2004) (quoting Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992)). “Additionally, we note that ‘the ore tenus standard is inapplicable “where the evidence is undisputed, or where the material facts are established by the undisputed evidence.” Salter v. Hamiter, 887 So.2d 230, 234 (Ala.2004).’ Burkes Mechanical[, Inc. v. Ft. James-Pennington, Inc.], 908 So.2d [905,] 910 [ (Ala.2004) ]. In such cases, appellate review is de novo. Id.” Lawson, 83 So.3d at 491.

Analysis

Merchants Bank makes two arguments on appeal. First, it argues that the circuit court erred in finding that Elizabeth was not liable to Merchants Bank because, Merchants Bank argues, she signed-the initial July 2011 note and the corrected July 2011 note in the capacity of a maker.
“A promissory note is a form of contract; therefore, it must be construed under general contract principles. See 11 Am.Jur.2d Bills and Notes § 2 (1997) (‘Bills and notes ... are contracts; accordingly, the fundamental rules governing contract law are applicable to the determination of the legal questions which arise over such instruments.’ (footnotes omitted)).... ‘ “General contract law requires a court to enforce an unambiguous, lawful contract, as it is written.” ’ ”
Bockman v. WCH, L.L.C., 943 So.2d 789, 795 (Ala.2006) (quoting Dawkins v. Walker, 794 So.2d 333, 339 (Ala.2001), quoting in turn Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33, 35-36 (Ala.1998)).
Elizabeth argues here, as she did to the circuit court, that
“[t]he language of the [initial July 2011] [n]ote is clear that Elizabeth signed the [n]ote to evidence her consent that a mortgage be taken on her home to secure payment of the [n]ote, not as an agreement to pay the debt evidenced by the [initial July 2011] [n]ote. The Box on page two of the [initial July 2011] [n]ote states, ‘[t]his person does not promise to pay the note.’ There is nothing unclear about that statement, below which Elizabeth’s signature appears. It also states Elizabeth’s intention in signing the [initial July 2011] [n]ote. ‘Any person who signs within this box does so to give you a security interest in the [property described on this page.’ ”
Elizabeth’s brief, at 30. Elizabeth points to other facts that, she argues, indicate that she intended to give only a security interest in the Heads’ residence (e.g., that Merchants Bank examined only David’s *1155 financial information before agreeing to the loan and that Elizabeth did not deal directly with anyone at Merchants Bank or sign the original loan application in 2008).
Merchants Bank argues, however, that Clolinger’s undisputed testimony indicated that Elizabeth’s signature in the box on page two of the initial July 2011 note was a mistake and that the Heads subsequently executed a corrected version of the note, in which the box on page two was left blank. Thus, Merchants Bank argues, “it was undisputed at trial that Elizabeth signed the note in the capacity of a maker.” Elizabeth argues in response that “the [circuit] court was correct in rejecting any evidence that the [initial July 2011] [n]ote was later corrected.” Elizabeth’s brief, at 35. Specifically, she argues that Merchants Bank had attached the initial July 2011 note to its complaint as evidence of the Heads’ debt, that the corrected July 2011 note had been improperly executed because neither David nor Elizabeth had initialed the first two pages of the document, and that there were no dates on either the initial July 2011 note or the corrected July 2011 note to indicate which version actually was executed later in time.
However, as noted previously, Clolinger testified that Merchants Bank had mistakenly attached the initial July 2011 note to its complaint and that the corrected July 2011 note should have been included instead. The corrected July 2011 note was admitted into evidence without any objection from Elizabeth. Clolinger did acknowledge that it was Merchants Bank’s general practice to have signatories initial the bottom of each page of a promissory note. However, he did not testify, and Elizabeth has cited no evidence indicating, that a failure to initial the pages rendered the promissory note invalid. Elizabeth has also failed to cite any evidence contradicting Clolinger’s testimony that the corrected July 2011 note was executed after the initial July 2011 note because the corrected July 2011 note was intended to fix the mistake on the initial July 2011 note. Thus, the undisputed evidence indicates that the corrected July 2011 note is the true representation of the Heads’ debt to Merchants Bank, and the unambiguous language of the corrected note indicates that Elizabeth signed the note as a maker. Insofar as the circuit court’s judgment in favor of Elizabeth was based on a finding that she had not acted as a co-maker in executing the July 2011 renewal of her obligations, that finding is in error.[2]
Merchants Bank also argues that the 2008 promissory note was supported by. sufficient consideration and, therefore, that the July 2011 renewal was enforceable against her. “ ‘The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.’ ” Stacey v. Peed, 142 So.3d 529, 531 (Ala.2013) (quoting Hargrove v. Tree of Life Christian Day Care Ctr., 699 So.2d 1242, 1247 (Ala.1997)).
“ ‘A test of good consideration for a contract is whether the promisee at the instance of the promisor has done, forborne or undertaken to do anything real, or whether he has suffered any detriment, or whether in return for the promise he has done something he was not bound to do, or has promised to do some act or to abstain from doing something.’
“Roberts v. Lindsey, 242 Ala. 522, 525, 7 So.2d 82, 84 (1942); Russell v. Russell, *1156 270 Ala. 662, 668, 120 So.2d 733, 738 (1960). ‘[T]o constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, bargained for and given in exchange for the promise.’ Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585, 587 (Ala.1987).”
Ex parte Grant, 711 So.2d 464, 465 (Ala.1997).
A promissory note “is ‘prima facie evidence of sufficient consideration for the execution thereof, and the burden of proof is on the defendants to show there was no consideration.’ ” Seier v. Peek, 456 So.2d 1079, 1081 (Ala.1984) (quoting Day v. Ray E. Friedman & Co., 395 So.2d 54, 56 (Ala.1981)). Elizabeth argues that
“ ‘[Conflicting evidence as to whether the consideration was adequate naturally creates a question of fact to be determined by the fact trier.’ Nash v. Vann, 390 So.2d 301, 303 (Ala.Civ.App.1980). Here, the [circuit] court, after hearing evidence ore tenus, entered a judgment in favor of Elizabeth, which must be presumed to be based on a finding that she met her burden by showing that she did not receive adequate consideration in return for executing the instrument.”
Elizabeth’s brief, at 21-22.
Elizabeth argued to the circuit court, as she does here, that the business loan could not serve as consideration for her execution of the promissory note because
“[t]he evidence at trial showed that [she] not only failed to receive the loan proceeds bargained for in the Promissory Note, but she failed to receive any pecuniary benefit whatsoever. . The loan proceeds were all wire transferred to an account belonging to David [Head] alone, and from there, the funds were transferred to a business account for Head Companies. Elizabeth Head received no benefit from the loan proceeds because she had no interest in either the bank account of David [Head], or that of Head Companies.”
Elizabeth’s brief, at 22.
It is undisputed that David and Elizabeth executed the promissory note in exchange for a $400,000 business loan from Merchants Bank. It is also undisputed that Elizabeth did not receive any of the funds directly but that the money was transferred to David and used for Head Companies. Thus, none of the evidence as to the “adequacy” of the consideration was in conflict, and our review of this issue is de novo. See Lawson, 83 So.3d at 491 (“ ‘[T]he ore tenus standard is inapplicable “where the evidence is undisputed, or where the material facts are established by the undisputed evidence.” ... In such eases, appellate review is de novo.’ ” (quoting Burkes Mechanical Inc. v. Ft. James-Pennington Inc., 908 So.2d 905, 910 (Ala.2004), quoting in turn Salter v. Hamiter, 887 So.2d 230, 234 (Ala.2004))).
Elizabeth has cited no authority supporting her position that the $400,000 transferred to David cannot constitute consideration for her signature on the note, and we have found none. In fact, in Christie v. Durden, 205 Ala. 571, 572, 88 So. 667, 668 (1921), this Court stated that “consideration sufficiently exists or is implied if it arises from any act of the plaintiff from which the defendant or a third party at defendant’s instance derived a pecuniary benefit, if such act is performed by the plaintiff to the desired end, with expressed or implied assent of the defendant.” David and Head Companies received a pecuniary benefit that, from all that appears, was the “desired end” of David’s and Elizabeth’s execution of the 2008 promissory note and the subsequent renewals and was accomplished with Eliza *1157 beth’s assent. David testified that the purpose of the note was to secure “a business loan,” and Elizabeth makes no argument that, at the time she signed the 2008 promissory note or any of the renewal notes thereafter, she anticipated receipt of any of the loan funds or had any other expectation than that the money would be transferred to David and used for his business. Thus, she had not demonstrated that she did not receive the benefit for which she bargained in 2008.
Elizabeth relies on Kittle v. Sand Mountain Bank, 437 So.2d 100 (Ala.1983), in arguing that “[t]he receipt by [David] of the loan proceeds from the [2008 promissory] [n]ote does not constitute consideration flowing to [her] because consideration is required with respect to each spouse when a married couple contracts with a third party.” Elizabeth’s brief, at 23. However, Kittle is distinguishable in that the husband and wife in that case executed a mortgage as security for a preexisting debt of the husband’s alone. This Court stated:
“Since Mrs. Kittle did not sign the notes [that represented the debt for which the loan at issue was procured] and did not receive any of the loan proceeds, the mortgage of February 12, 1976, as to her, was null and void for lack of consideration. This court held in Bynum Mercantile Co. v. First National Bank of Anniston, 187 Ala. 281, 65 So. 815 (1914), that a mortgage given as security for a pre-existing debt of the mortgagor is valid and binding upon that consideration, but where the mortgagor is a stranger to the debt, and there is no other consideration, it is void for want of consideration.”
Kittle, 437 So.2d at 101. There is no evidence indicating that David and Elizabeth executed the promissory note to secure a preexisting debt of David’s alone. Instead, they signed the 2008 promissory note to secure a new debt, and the plain language of the promissory note indicates that the debt is owed by each signatory.
Merchants Bank cites Dalo v. Thalmann, 878 A.2d 194 (R.I.2005), in which the Supreme Court of Rhode Island addressed an argument similar to the one presented in this case. In Dalo, Mark Stepanian and his then wife Judy Thal-mann executed a promissory note payable to Kathy Dalo for $20,000. The note “expressly. provided that Stepanian and [Thal-mann] were jointly and severally liable for repayment of the note.” 878 A.2d at 196. Stepanian and Thalmann divorced and subsequently defaulted on the note. Dalo obtained a default judgment against Stepa-nian, and the case continued to trial on the claim against Thalmann. Like Elizabeth, Thalmann argued at trial that the note was unenforceable against her because “ ‘[she] never received any proceeds or benefit from this loan; ... [Dalo] ... never remitted to [Thalmann] any proceedfs] of this loan; [and] [Dalo] admitted] she remitted the proceeds of this loan to Mark Stepanian in the form of a check.’ ” 878 A.2d at 198.
The Rhode Island Supreme Court rejected Thalmann’s argument, stating:
“As a matter of law, these allegations do not afford defendant a means to escape liability for her obligations under the note. General Laws 1956 § 6A-3-116 provides, in pertinent part:
‘“Joint and several liability-Contribution. — (a) Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign. ’ (Emphases added.)
*1158 “The note does not differentiate between the liability of Stepanian and Thalmann; in particular, both parties signed a note that clearly indicated that ‘we jointly and severally promise to pay to the order of Kathy Dalo [$20,000, plus] 7% interest.’
“... By failing to present any evidence that she or Stepanian fulfilled their obligations under the note or that she was entitled to a defense or otherwise excused for nonpayment, [Thal-mann] failed to establish the existence of an issue of disputed fact, and the hearing justice properly granted summary judgment in favor of plaintiff on the issue of liability.”
Dalo, 878 A.2d at 198.
Like the General Laws of Rhode Island, Alabama law provides that, “[e]xcept as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign.” § 7-3-116(a), Ala.Code 1975. See also Elrod v. Trussell, 266 Ala. 383, 385, 96 So.2d 813, 814 (1957) (“The [promissory] note read T or we promise to pay” and was signed by both defendants. The defendants are regarded as joint makers and are jointly and severally liable to the payee”). Like the promissory note in Dalo, the 2008 promissory note and subsequent renewals expressly provide that each signatory “must pay this note even if someone else has also agreed to pay it.” Thus, as in Dalo, David and Elizabeth were jointly and severally liable for the obligations set forth in the corrected July 2011 note, and “[Elizabeth’s] allegations [that she did not receive any of the proceeds of the 2008 business loan] do not afford [her] a means to escape liability for her obligations under the note.” Dalo, 878 A.2d at 198.

Conclusion

For the foregoing reasons, we hold that in July 2011 Elizabeth renewed her obligations under the 2008 promissory note in the capacity of a maker and that her obligations under the 2008 promissory note were supported by valid consideration. It is undisputed that she and David defaulted on their obligations under the corrected July 2011 note. Thus, Elizabeth is liable to Merchants Bank on its claim of breach of promissory note, and the circuit court erred in entering a judgment in her favor. Therefore, the circuit court’s judgment is reversed and the cause is remanded for the circuit court to enter a judgment in favor of Merchants Bank and to determine damages owed by Elizabeth.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. Clolinger also testified that attaching the initial July 2011 note to the complaint as evidence of David's and Elizabeth’s debt was a mistake and that the corrected July 2011 note should have been attached. The corrected July 2011 note was admitted into evidence without objection from David or Elizabeth.

. We note that our conclusion in this regard is consistent with Elizabeth's signature on the original promissory note in 2008 and on all the renewals of that obligation before July 2011.